**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOSE LUIS ORMENO** )<br>    3403 Murduck Rd. )<br>    Hyattsville, Maryland 20783 )<br>    )<br>    **PLAINTIFF** )<br>    )<br>    v. )<br>    ) | **Civil Case No. _____** |
| **3624 GEORGIA AVENUE INC.** )<br>  d/b/a **MANNY & OLGA'S** )<br>    Serve: Emanuel Athanasakis )<br>        1641 Wisconsin Ave NW )<br>        Washington, DC 20007 )<br>    )<br>**MANNY & OLGA'S PIZZA** )<br>**BETHESDA INC.,** )<br>    Serve: Bobby Athanasakis )<br>        2310 Twin Valley Lane )<br>        Silver Spring, MD 20906 )<br>    )<br>**BOBBY ATHANASAKIS,** )<br>    2310 Twin Valley Lane )<br>    Silver Spring, MD 20906 )<br>**AND** )<br>    )<br>**EMANUEL ATHANASAKIS** )<br>    1641 Wisconsin Avenue NW )<br>    Washington, DC 20007 )<br>        **DEFENDANTS.** )| |

**COMPLAINT**

Jose Luis Ormeno (hereinafter "Plaintiff"), by and through his undersigned counsel, Deyka Williams Spencer and The Spencer Firm, LLC, hereby bring suit against 3624 Georgia Avenue Inc., Manny & Olga's Pizza Bethesda Inc., Bobby Athanasakis, and Manny Athanasakis (hereinafter collectively referred to as "Defendants") for violations of the laws of the District of Columbia, D.C. Code §32-1012 *et. seq.*, D.C. Code §32-1301, *et. seq.* ("D.C. Code"), and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (FLSA)

## PARTIES AND JURISDICTION

1. The Plaintiff is an adult, over twenty-one years of age, and resident of Maryland. Plaintiff worked for Defendants in Maryland and the District of Columbia.

2. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the D.C. Code, who Defendants suffered or permitted to work without paying Plaintiff's overtime, in violation of Federal and District of Columbia law.

3. Defendant, Manny & Olga's Pizza Bethesda, Inc ("Manny & Olga's") is a corporation registered in the State of Maryland with its principal place of business in the State of Maryland.

4. Defendant 3624 Georgia Avenue Inc. (" Manny & Olga's") is a corporation registered in the District of Columbia with its principal place of business in the District of Columbia.

5. Defendant's Manny & Olga's are a carry out delivery food service.

6. At all relevant times, Manny & Olga's was an "employer" of Plaintiff, as defined by the FLSA and the D.C. Code.

7. Upon information and belief, Manny & Olga's is owned and managed by Manny Athanasakis and/or Bobby Athanasakis

8. At all times relevant to this Complaint, Defendant Emanuel Athanasakis and/or Bobby Athanasakis acted directly and/or indirectly in the interest of Manny & Olga's in relation to Plaintiffs.

9. At all times relevant, Emanuel Athanasakis and/or Bobby Athanasakis controlled the hours that Plaintiff worked, the manner in which he was paid, and the conditions of his employment.

10. At all times relevant, Emanuel Athanasakis and/or Bobby Athanasakis had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

11. Defendants Emanuel Athanasakis and/or Bobby Athanasakis are an employer within the meaning of the FLSA and the D.C. Code.

12. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

13. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

14. At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

15. At all times relevant, Defendants has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times relevant to the present case, Defendants regularly carried on business in the District of Columbia and Maryland.

**STATEMENT OF FACTS**

17. Plaintiff Ormeno began working for Defendants on or about July 5, 2012 performing food preparation and cooking services.

18. Plaintiff Ormeno was paid a salary of $420 per week ($320 by check and $100 in cash) regardless of the hours worked from July 5, 2012 to December 28, 2012; $360 per week

($320 by check and $40 in cash) regardless of the hours worked from January 1, 2013 to approximately March 29, 2013; and an hourly rate of $8.25 from April 1, 2013 to July 24, 2013.

19. Plaintiff Ormeno was compensated below the minimum wage until on or about April 1, 2013.

20. Plaintiff Ormeno worked an average of 81 hours per week from July 5, 2012 to December 31, 2012 at the rate of $5.32 per hour (half rate of $5.55/hour).

21. Instead of being paid for all hours worked, Plaintiff Ormeno was paid straight time in the amount of $5.32 per hour for the duration of 25 weeks; totaling back wages due of approximately $5,688.75 related to overtime compensation and $1,930.00 for back wages related to minimum wage compensation.

22. Plaintiff Ormeno worked an average of 60 hours per week from January 1, 2013 to March 29, 2013 at the rate of $6 per hour (half rate of $4.87/hour) for the duration of 13 weeks; totaling back wages due of approximately $1,266.20 for overtime compensation and $650 for back wages related to minimum wage compensation.

23. Plaintiff Ormeno worked an average of 58 hours per week from approximately April 1, 2013 to July 24, 2013 at the rate of $8.25 per hour and was paid straight time for the duration of 16 weeks; total amount of back wages due of approximately $1,186.56.

24. Plaintiff Ormeno worked roughly 3 extra hours of overtime per week (includes hours before the intended work commencement time and continued work after the intended leave time) for the duration of 48 weeks; totaling back wages due of approximately $1,565.28.

25. At all times relevant, Defendants assigned Plaintiff Ormeno to non-exempt duties and failed to pay him the proper overtime rate.

26. At all times relevant, Plaintiff Ormeno was not an exempt employee. Plaintiff Ormeno's duties consisted of food preparation and cooking.

27. Plaintiff worked in excess of 40 hours per week during relevant periods. However, Defendants failed to pay him time and a half for the hours he worked over forty in any workweek. Defendants also failed to pay Plaintiff the minimum wage from July 5, 2013 to March 29, 2013.

28. At all relevant times, Defendants had knowledge that Plaintiff regularly and typically worked in excess of forty (40) hours per workweek virtually every workweek and suffered or permitted Plaintiff to work such hours.

29. Defendants paid Plaintiff in the form of checks and cash.

30. Plaintiff was not allowed to take lunch breaks during the relevant periods.

31. Plaintiff is a non-exempt worker under the FLSA and D.C. Code.

32. At all relevant times, Defendants only paid Plaintiff his straight time/ "regular rate". Defendants never paid Plaintiff time and half his regular rate for any hours worked in excess of forty within a workweek.

33. Plaintiff has made Defendants aware that they are in violation of the FLSA; however, Defendants refused to respond.

34. Plaintiff complained to Defendants about his excessive work hours and the manner in which he was paid.

35. Defendants' made efforts to not document all pay or compensate Plaintiff properly.

36. Defendants' failure and refusal to comply with the applicable laws was willful, intentional, and not in good faith.

**COUNT ONE**
**FAILURE TO PAY OVERTIME & WAGES**
**Fair Labor Standards Act - 29 U.S.C. §§ 201 *et. seq*.**

37. Plaintiffs incorporate and reallege each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

38. Defendants failed to pay wages and overtime owed to the Plaintiff, in violation of the FLSA, 29 U.S.C. §201, *et. seq*.

39. Defendants' failure to pay Plaintiff's wages and overtime, as required by the FLSA, was willful, intentional, and not in good faith.

40. Defendants' failure to comply with the FLSA overtime and minimum wage protections caused Plaintiff to suffer loss of wages and interest thereon.

**COUNT TWO**
**FAILURE TO PAY OVERTIME**
**District of Columbia, D.C. Code §32-1012 et. seq**

1. Plaintiff incorporates and realleges each and every allegation contained in this Complaint with the same force and effect as if set forth in all preceding paragraphs.

2. At all times relevant to this Complaint, Defendants violated the overtime provisions of the D.C. Code §32-1001, *et. seq*.

3. Defendants' failure to comply with the District of Columbia wage and hour protections caused Plaintiffs to suffer loss of wages and interests thereon.

**COUNT THREE**
**FAILURETO PAY WAGES**
**District of Columbia, D.C. Code §32-1302**

1. Plaintiff incorporates and realleges each and every allegation contained in this Complaint with the same force and effect as if set forth in all preceding paragraphs.

2. Defendants failed to pay Plaintiff all the wages they were due each pay period in violation of D.C. Code §32-1302.

3. Defendants' failure to comply with the District of Columbia wage and hour protections caused Plaintiff to suffer loss of wages and interests thereon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Judgment be entered against all Defendants, jointly and severally; enjoin Defendants to comply with all applicable federal laws,

a. For the amount of the unpaid overtime compensation and wages due to Plaintiff for the three years prior to the filing date of this Complaint; approximately $12,286.79

b. For an additional amount of liquidated damages equal to the unpaid wages and overtime compensation described in the preceding subsection, as authorized by the FLSA and the D.C. Wage Payment Law; approximately $24,573.58.

c. For Plaintiff's reasonable attorneys' fees, expenses, and costs incurred in this action, as authorized by 29 U.S.C.§ 216(b) and the D.C. Code §32-1308(b).

d. For such other further relief as this Court may deem appropriate.

Respectfully submitted,

\_\_\_\_\_/s/_____
Deyka Williams Spencer
The Spencer Firm, LLC.
Bar Number: 979180
200-A Monroe Street, Suite 305
Rockville, MD 20850
Telephone: 301-637-2866
Fax: 866-686-2126

dspencer@spencer-firm.com