# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

JOSE LUIS ORMENO,

        Plaintiff,

    v.

3624 GEORGIA AVENUE, INC., *et al.*,

        Defendants.

Civil Action No. 13-1375 (AK)

## MEMORANDUM OPINION

Pending before the undersigned is "Plaintiff's Motion to Compel More Complete Responses to Plaintiff's Interrogatories and Request for Production of Documents" ("Motion") [26] and Memorandum in support thereof ("Pl.'s Mem") [26-1]. Defendants timely filed their Opposition [27], and Plaintiff chose not to file a Reply. The parties have consented to proceed before a United States Magistrate Judge for all purposes and trial [13], and the case was referred to the undersigned [14]. On May 7, 2015, the Court held a hearing on Plaintiff's Motion. For the reasons set forth in this Memorandum Opinion, the undersigned will grant in part and deny in part Plaintiff's Motion to Compel.

## I. Background

The underlying suit involves allegations of failure to pay wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and D.C. Code §§ 32-1003, -1012, -1302. (Complaint [1] at 1). Jose Luis Ormeno ("Plaintiff") alleges that he was an employee of

1

both Manny & Olga's Pizza Bethesda Inc. and 3624 Georgie Avenue, Inc. (Complaint ¶¶ 3-4). Both companies are owned and managed by Bobby Athanasakis.  (*Id.* ¶ 7, Answer [6] ¶ 7). Plaintiff alleges, but Defendants deny, that both companies are also owned and managed by Emmanuel "Manny" Athanasakis.  (*Id.*). Collectively, Manny & Olga's Pizza Bethesda Inc., 3624 George Avenue, Inc., Bobby Athanasakis, and Emmanuel Athanasakis are "Defendants" in this case.

Plaintiff's visa expired during the pendency of litigation, and he is currently residing in Romania.  (Plaintiff's Opposition to Motion to Dismiss [22] at 1).  He contends that he is unable to return to the United States.  (*Id.*)  For this reason, Plaintiff did not appear for a May 6, 2014 settlement conference.  Defendants moved to dismiss this case on July 10, 2014 due to Plaintiff's inability to appear in person for the remainder of the litigation.  (Motion to Dismiss [21] ¶ 10). The undersigned denied Defendants' Motion to Dismiss on August 4, 2014 [24], finding that Fed. R. Civ. P. 17 and Fed. R. Civ. P. 19 did not require a plaintiff to be physically present for litigation.

The undersigned held a telephone conference on January 30, 2015 to discuss the status of the case with the parties, as neither had contacted the Court to reschedule the vacated trial date following the denial of Defendants' Motion to Dismiss.  Plaintiff's counsel indicated that she was preparing to file a Motion to Compel, since her attempts to resolve the issue with Defendants had been unsuccessful.  *See* [26-4] and [26-5] (e-mail exchanges between counsel regarding the discovery requests at issue).  Plaintiff's counsel represented to the Court that she first attempted to resolve these discovery matters in March 2014 [26-5] and again after the undersigned denied Defendants' Motion to Dismiss.  The lateness of Plaintiff's Motion concerns the Court.  Nevertheless, Defendants did not object to Plaintiff's Motion, and the Court has the

discretion to permit motions to compel after the close of discovery.  *See Lurie v. MAPMAG*, 262 F.R.D. 29, 31 (D.D.C. 2009) (finding that a motion to compel filed outside of the discovery period is not untimely *per se*).

The Motion to Compel concerns both interrogatories and requests for production of documents that Plaintiff propounded on November 13, 2013. [26-2].  Defendants untimely responded to those discovery requests on January 6, 2014.  [26-3].  Plaintiff asks this Court either to compel Defendants "to provide complete responses to Plaintiff's interrogatories" number 1, 2, 6, 7, 8, 9, 10, 11, 12 13, 14, 15, 16, 17, 19, 23, 24, 25, 26, and 28 or, in the alternative, "sanction Defendant's [sic] in accordance with the adverse inference rule in regards to the missing time keeping evidence in this case." (Motion at 1).  Plaintiff also contends that Defendants did not comply with any of her fourteen requests for production of documents.  (*Id.*) Plaintiff states that the failure of the Defendants "to provide complete discovery responses has prejudiced plaintiff in his discovery efforts" and requests that the undersigned reopen discovery "for the limited purpose of permitting Plaintiff to depose certain deponents about the information and documents referenced above, and for admissions."  (*Id.* at 2).  Finally, Plaintiff requests "reasonable costs and attorneys' fees incurred by his counsel's preparation of this motion."  (*Id.*)

## II. <u>Standard of Review</u>

Trial courts have considerable discretion when handling discovery matters.  *Food Lion, Inc. v. United Food and Commercial Workers Int'l. Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. Internal Revenue Serv.*, 861 F.2d 1284, 1288 (D.C. Cir. 1988).  The scope of discovery in civil actions is broad and allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Discovery of relevant

materials includes "any matter that bears on, or that reasonably could lead to other matters that

could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437

U.S. 340, 351 (1978) (citation omitted); *McPeek v. Ashcroft*, 212 F.R.D. 33, 34 (D.D.C. 2003)

(whether information is relevant is "a function of the relationship of the data to the [ ] central

accusations of [the] lawsuit.")

 Fed. R. Civ. P. 33(b) requires that parties answer interrogatories separately and fully in

writing under oath or state the reasons for their objections and answer to the extent the question

is not objectionable. Answers to interrogatories must be "true, explicit, responsive, complete, and

candid."  *Covad Communications Company v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D.D.C. 2009)

(citing *Equal Rights Center v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)). "[A]n

evasive or incomplete answer is to be treated as a failure to disclose, answer, or respond." *Doe v.*

*District of Columbia*, 231 F.R.D. 27, 31 (D.D.C. 2005); Fed. R. Civ. P. 37(a)(4). "A party who

has made a disclosure under Rule 26(a) [ ] or who has responded to an interrogatory, request for

production or request for admission must supplement or correct its disclosure or response . . . if

the party learns that in some material respect the disclosure or response is incomplete or

incorrect, . . . ; or [ ] as ordered by the court."  Fed. R. Civ. P. 26(e)(1)(A), (B). *See Norden v.*

*Samper*, 544 F. Supp. 2d 43, 49 (D.D.C. 2008) (noting a party's duty to supplement discovery).

 Document requests are governed by Fed. R. Civ. P. 34. Rule 34 allows any party to serve

on any other party a request to produce "any designated documents or electronically stored

information stored in any medium from which information may be obtained within the scope of

Rule 26(b), that are in the possession, custody, or control of the party upon whom the request

was served."  *Thong v. Andre Chreky Salon*, 247 F.R.D. 193, 195 (D.D.C. 2008); Fed. R. Civ. P.

34(a)(1)(A).

### III. <u>Analysis</u>

The undersigned notes at the outset that the majority of Defendants' answers were untimely.[1]  Defendants first raised objections to two of Plaintiff's interrogatories in their Opposition to Plaintiff's Motion to Compel, and later restated those objections during an April 3, 2015 telephone conference that the undersigned held.  (Opposition at 6).  Nevertheless, Defendants waived their right to raise objections to Plaintiff's interrogatories per Fed. R. Civ. P. 33(b)(2), which provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories."  Since the parties did not stipulate to a longer or short time period under Fed. R. Civ. P. 29, and this Court did not order that the time period be enlarged, Defendants answers were untimely, and they have waived their right to object to Plaintiff's interrogatories.

#### A.   <u>Interrogatories 1, 2, 6, 7, 9, 12, 17, 19, 23, 24, 25, 26, 28</u>

Plaintiff conceded at the hearing that interrogatories 1, 2, 6, and 28 were satisfactorily answered.

Defendants stated at the hearing that they misunderstood interrogatory 7.  Instead of referring Plaintiff to payroll records—since Defendants thought that Plaintiff wanted to learn the hours Plaintiff worked each week—Defendants will provide Plaintiff with the hours of operation at each of the three Manny & Olga's locations.

Although interrogatory 9 asks for the way in which Defendants determined Plaintiff's rate of pay, Plaintiff stated at the hearing that he would be satisfied if Defendants explained in

---

[1] Plaintiff propounded discovery on November 13, 2013 and Defendants provided their answers on January 6, 2014. *See* [26-2] and [26-3] (Plaintiff's First Set of Interrogatories and Defendants Answer to Plaintiff's First Set of Interrogatories, respectively).

writing that he was paid via check.  Defendants agreed to supplement their answer with this information.

Interrogatory 12 asks Defendants to state Plaintiff's "regular rate and overtime rate." ([26-2] at 7).  At the hearing, Plaintiff suggested that "regular rate" is a phrase synonymous with "salary" and that the Plaintiff contends he was indeed paid a salary by Defendants.  Defendants denied this, and reaffirmed their initial answer to the interrogatory that Plaintiff was paid minimum wage.  The undersigned has determined that Defendants have satisfactorily answered this interrogatory.

The undersigned determined at the hearing that Defendants did not fully answer interrogatory 17.  Instead, Defendants are instructed to respond directly to the interrogatory and explain if and when Plaintiff was paid overtime in a given work week.

With respect to interrogatory 19, Plaintiff explained at the hearing that he sought information about any written or verbal communication between Plaintiff and any managers of supervisors at Manny & Olga's regarding his pay or hours worked.  Defendants are instructed to clarify if there was any discussion of these topics, either informally or formally, between Plaintiff and any managers and supervisors at Manny & Olga's.

Interrogatory 23 is written very broadly, but Plaintiff explained at the hearing that he wishes to know if the payroll records and pay stubs are the only documents Defendants purport to possess regarding Plaintiff's rate of pay and hours worked.  Defendants should clarify if there are or are not other documents that relate to these topics.

Defendants objected to interrogatory 24 in their Opposition to the Motion and at the hearing. (Opposition at 6).  As previously stated, Defendants have waived their opportunity to object.  The undersigned directs Defendants to describe the ownership structure of the three

Manny & Olga's locations, but Defendants are not required to disclose the ownership percentages.

The undersigned strikes interrogatory 25 as overly broad.

With respect to interrogatory 26, Defendants agreed at the hearing to provide Plaintiff with the names of all managers at Manny & Olga's during the relevant time period, as well as their telephone numbers. The undersigned strikes the remaining subparts of the interrogatory as overly broad and not in compliance with the mandate of Fed. R. Civ. P. 33(a)(1).

## B. Interrogatories 8, 10, 11, 13, 14, 15, 16

Interrogatories 8, 10, 11, 13, 14, 15, and 16 all involve requests for information about how much Defendants paid Plaintiff, his hours worked, the rates of pay set forth in his pay stubs, dates on which he was paid, and any deductions or additions made to Plaintiff's pay. ([26-2] at 7-8). To each of these, Defendants responded that Plaintiff should "see payroll records" that were produced. ([26-3] at 2-3); with respect to interrogatories 14 and 16, Defendants instructed Plaintiff to also look to pay stubs that Defendants produced. (*Id.* at 3).

Plaintiff does not appear to argue that the payroll and pay stub records that Defendants have produced do not answer the interrogatories. Rather, with respect to these interrogatories, Plaintiff alleges that "[t]he Defendant did not answer the question. The incomplete records that have been produced do not answer this question and some do not even correspond with the earning statements Defendant's [sic] have themselves provided. Defendant must answer this question instead of referring Plaintiff to pay roll [sic] records that it has not fully provided." (Pl.'s Mem. at 5-7). At the hearing, Plaintiff insisted that Defendants had not produced work schedules, time cards, and other information that could be obtained from a time keeping system

that Defendants utilize.  Defendants claim that they have produced complete payroll and pay stub records and that all of the requested information, such as the number of hours Plaintiff worked each week, is easily found in these records.  (Opposition at 3-5).  At the hearing, Defendants contended that the time keeping system Plaintiff references cannot produce the information—such as time cards—that he seeks.

After much discussion at the hearing, Plaintiff agreed that he would be satisfied if Defendants supplemented their answers to these interrogatories with a sworn statement that there are no extant time cards, work schedules, or other outstanding information relating to Plaintiff's hours worked, rate of pay, and employment.[2]  Therefore, since the Defendants contend that all responsive documents for these seven interrogatories have already been produced, Defendants must provide an affidavit under oath affirming this.

### C.  Requests for Production

Plaintiff served Defendants with fourteen requests for production of documents.  ([26-2] at 16-18).  Defendants fully answered the first request for production.  The answers to requests 2 through 12 are identical: "See Answer number 1."  ([26-3] at 9-10).

At the hearing, Defendants represented that no personnel file exists or ever existed for Plaintiff; accordingly, Plaintiff withdraws his second request for production of documents.  Defendants agreed at the hearing to respond to the third request for production of documents.

For the remaining requests, Plaintiff stated that so long as Defendants provide the aforementioned affidavit stating that they have fully produced all relevant documents relating to

---

[2] This applies to both paper and electronic documents.

Plaintiff's employment, he was satisfied.  Accordingly, requests for production of documents four through fourteen need not be addressed.

Finally, Plaintiff contends that the information Defendants have provided is "not fully verified" since "Emmanuel Athanasakis is named as one of the persons that answered or supplied information in the response; however, he did not sign." (Pl.'s Mem. at 13).  The undersigned instructs Defendants to clarify why in interrogatory 1 Emmanuel Athanasakis is listed as one of two individuals who helped prepare the answers to Plaintiff's interrogatories yet his signature is absent.  If Emmanuel Athanasakis did indeed help to prepare to the answers, he must sign them, per Fed.R.Civ.P. 33(b)(5).

### D.  <u>Request to Reopen Discovery</u>

Plaintiff also asks the Court to reopen discovery "for limited purpose of permitting Plaintiff to depose certain deponents about the information and documents referenced above, and for admissions." (Motion at 2).  The undersigned noted previously that Plaintiff pushed the envelope in filing this Motion to Compel at such a late date.  There are, however, several factors that weigh in Plaintiff's favor.  First and foremost, Defendants did not oppose the timeliness of the Motion.  Moreover, "courts routinely consider motions related to discovery, even though they are filed outside the discovery period, especially where the time of filing of such a motion is attributable…to the parties' attempted settlement of the discovery dispute." *Lurie*, 262 F.R.D. at 31.  Moreover, the Federal Rules do not contain a provision regarding the time of filing for a motion to compel, and this Court has previously held that crafting such a rule would create preserve incentives in discovery.  *McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 11 (D.D.C. 2007).

When this Court has previously permitted a party to file a motion to compel over the objections of the opposing party, it has noted that "plaintiffs do not have to meet the requirements of Federal Rule 16(b) and Local Rule 16.4 to file a motion to compel.  After all, they are not seeking an amendment to the scheduling order to reopen discovery."  *Barnes v. District of Columbia*, 289 F.R.D. 1, 19-20 (D.D.C. 2012).  In the instant case, however, Plaintiff has integrated such a request into the Motion to Compel that is currently before the Court.

The "good cause" requirement of Federal Rule 16(b)(4), therefore, is in play with respect to Plaintiff's request to reopen discovery.  While a general request to reopen discover would be inappropriate at this juncture, what Plaintiff now asks of this Court is the opportunity to obtain discovery that Plaintiff should have already received.  Accordingly, the Court believes that the good cause requirement under Fed. R. Civ. P. 16(b)(4) and Local Rule 16.4 have been satisfied.  Nevertheless, the Court grants this request conditionally, and instructs Plaintiff to file a Status Report no later than June 1, 2015 detailing: (1) the total number and names of the individuals that Plaintiff wishes to depose; (2) the approximate length of each deposition; (3) a date by which these depositions will be completed.  The Court emphasizes that this discovery is limited in nature and restricted to the information obtained as a result of this Motion to Compel.  Since neither Plaintiff nor Defendants have pursued a speedy resolution to this case, the undersigned stresses that Defendants must supplement their interrogatories and Requests for Production of Documents swiftly, and that Plaintiff is to obtain in a timely fashion the outstanding discovery he seeks.  The Order accompanying this Memorandum Opinion sets forth a variety of deadlines governing the exchange of information between Plaintiff and Defendants and states the date and time of a telephonic status conference during which the parties will propose a final scheduling order to govern this case.

**E.   Attorney's Fees and Costs**

The undersigned notes that Fed.R.Civ.P. 37(a)(5) governs the payments of expenses in a Motion to Compel action.  In the instant action, since Plaintiff's Motion to Compel will be granted in part and denied in part, Fed.R.Civ.P. 37(a)(5)(C) states that the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  The Court therefore instructs Plaintiff to explain in the aforementioned Status Report any costs and fees incurred in the preparation of this Motion.  Defendants shall file their response no later than June 12, 2015.

**IV. Conclusion**

For the reasons set forth in this Memorandum Opinion, Plaintiff's Motion to Compel [26] will be granted in part and denied in part.  An Order consistent with this Memorandum Opinion will be issued separately.

DATE: <u>May 11, 2015</u>                          <u>                   /s/                        </u>

                                                                    ALAN KAY

                                                                    UNITED STATES MAGISTRATE JUDGE